IRENE A. TIBBETTS, Respondent, v. CHARLES A. TIBBETTS, Appellant.— Order granting plaintiff's motion for an additional allowance for counsel fee and expenses and referring matter to an official referee affirmed, with ten dollars costs and disbursements. No opinion. Young, Seeger and Carswell, JJ., concur; Lazansky, P. J., and Rich, J., dissent from the affirmance of that part of the order which directs a reference, upon the ground that from the time of the retainer of plaintiff's last attorney to the date of the making of the motion that resulted in the order from which this appeal is taken, there was ample time within which the action could have been tried.

GEORGE ELLIS WIDMER, Respondent, Appellant, v. BETTY NALLY WIDMER, Appellant, Respondent.— Order denying defendant's motion to change place of trial and to direct payment of alimony and disbursements, and granting defendant's motion for counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

In the Matter of the Application of GEORGE E. BRADLEY to Compel the Town Board of the Town of Hempstead, Nassau County, to Remove the Inspectors of Election in the 27th Election District, Town of Hempstead, to Wit, SMITH S. BEDELL, ALBERT HOFFMAN, JOHN DOE and RICHARD ROE.— Order denying motion to compel town board to remove inspectors of election affirmed, without costs. The fact is undisputed that section 181 of the Election Law was violated in so far as there was a failure on the part of the chairman of the board to have the original register of voters kept available at the place of registration. This violation of law would amply warrant the removal of such official. The practice of failing to comply with the law in this regard cannot be too strongly condemned. Places of registration only which permit of strict compliance with the law should be selected. No authority for this court at this time to make any direction for the removal of the chairman has been called to the attention of this court. Neither the two Democratic election officials nor the other Republican official is personally charged with delinquency in regard to the keeping of the registration list. The two Democratic election officials were appointed upon the certification of the proper party official appearing in this record. We cannot go behind this certification at this time on an application for a peremptory order. We are, therefore, constrained to affirm the order. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

ANTONINO MARCIANTI, Respondent, v. TOMPKINS BUS CORPORATION, Appellant. — Order adjudging Clinton W. Wood and the Tompkins Bus Corporation guilty of a criminal contempt reversed on argument upon consent of counsel, without costs, and motion denied, without costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

ANTONINO MARCIANTI, Respondent, v. TOMPKINS BUS CORPORATION, Defendant. (In the Matter of the Appeal of CLINTON W. WOOD, Appellant.) — Order adjudging Clinton W. Wood and the Tompkins Bus Corporation guilty of a criminal contempt reversed on argument upon consent of counsel, without costs, and motion denied, without costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Application of JOHN N. TROMMERSHAUSER for Admission to the Bar. (From the State of Nebraska.)—Application granted. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Application of FELIX MIZELL WILSON for Admission to the